UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAUL CERVANTES, | ) | CASE NO. CV 13-4880 R (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| M.D. BITER, Warden, | ) | |
| Respondent. | ) | |

       The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

       In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner indicates that he signed the current petition on June 26, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a)  In May of 2003, a Los Angeles County Superior Court jury convicted Petitioner of multiple crimes, including three attempted murders. He was sentenced to 56 years to life in prison. *See* Pet. ¶ 2.

(b)  The California Court of Appeal affirmed, and on March 2, 2005, the California Supreme Court denied further direct review. Pet. ¶¶ 3-4. Petitioner does not appear to have sought *certiorari* in the United States Supreme Court. His conviction therefore became final on June 1, 2005, after the high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1. His one-year limitations period began to run on that date.

(c)  Over eight years passed after the California Supreme Court's denial of further direct review. On March 20, 2013, Petitioner filed a habeas petition in that court and filed another on April 11. The court denied both petitions on May 22. *See* dockets in *In re Cervantes*, Nos. S209466 and S209953 (Cal. Supreme Ct.).

(d)  Over a month after these final two state-court denials, Petitioner signed the current petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after June 1, 2006, one year after his conviction became final. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

1  This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: 7/11/13

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE